NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0944n.06

No. 12-4497

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 04, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DANNY BROWN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Defendants-Appellees. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |

BEFORE:  ROGERS, GRIFFIN, and DONALD, Circuit Judges.

ROGERS, Circuit Judge.  Danny Brown appeals the district court's grant of summary judgment on the basis of qualified immunity and entry of judgment in favor of defendants.  Although Brown's responses to defendants' summary judgment motions asserted only (1) *Brady* violations and (2) conspiracy to frame him, Brown now argues that the district court improperly failed to address his Fourth Amendment claims in its order granting summary judgment.  Because Brown did not adequately raise his additional claims while the summary judgment motions were pending, the district court properly granted summary judgment on the basis of qualified immunity.

This case arises from "Operation Turnaround," a botched Richland County, Ohio Sherriff's Office investigation in which a confidential informant in Mansfield, Ohio framed twenty-two defendants, including Brown, for a contrived drug conspiracy.  In November 2005, Brown became

a target of Operation Turnaround when confidential informant Jerrell Bray allegedly made recorded phone calls to Brown to plan a drug buy and Brown allegedly sold Bray drugs for $950.00 on November 8. In March, 2006, Brown was charged in a superseding indictment with three drug-related offenses: possession with intent to distribute fifty grams or more of a substance containing cocaine, knowingly and intentionally distributing five grams or more of cocaine, and distributing a substance containing cocaine within 1,000 feet of a school facility. After being tried before a federal jury, Brown was acquitted of all three charges in July 2006. Bray later admitted that the alleged drug buy between him and Brown never took place.

In December, 2007, Brown filed suit under 42 U.S.C. § 1983 and Ohio law seeking compensatory and punitive damages from the following defendants: the United States of America;[1] Drug Enforcement Agents Lee Lucas and Robert Cross; Richland County; Richland County Sheriff's Officers Chuck Metcalf, Matt Mayer, and Larry Faith; the City of Cleveland; Cleveland Police Officer Jamal Ansari; and unknown DEA and Richland County officers. Brown's complaint set forth factual allegations and alleged violations of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and conspiracy to violate those rights via illicit means. Brown claimed that defendants intentionally fabricated evidence, improperly subjected Brown to judicial proceedings without probable cause, and also withheld favorable evidence in violation of

---

[1] The United States was terminated as a defendant on February 27, 2008, but was substituted, by order of the district court, as a defendant for Plaintiff's common law tort claims. Those claims were subsequently dismissed for failure to exhaust administrative remedies prior to filing suit. Thereafter, Plaintiff pursued those claims, after exhausting administrative remedies, in a separate action (1:10 CV 752).

the Constitution. Brown alleged that the City of Cleveland "maintain[ed] policies and practices which were the moving force driving the foregoing constitutional violations," but he did not articulate with further specificity which constitutional claims he was pursuing, nor against which defendants. Brown also asserted state law claims of malicious prosecution, intentional infliction of emotional distress, and conspiracy.

Defendants Lucas, Cross, Metcalf, Mayer, Faith, and Ansari twice moved for summary judgment. In response to the first set of defendants' summary judgment motions, Brown argued that he was entitled to discovery prior to summary judgment, and that questions of fact nevertheless existed. The district court denied summary judgment, finding that discovery was necessary and Brown's allegations, if proven to be true, demonstrated violations of his Fourth and Fourteenth Amendment rights that would overcome the qualified immunity defense. After limited discovery, which included all of the information introduced at defendant Lee Lucas' criminal trial, defendants again moved for summary judgment. This time, in his responses to defendants' motions, Brown pursued only two legal arguments. First, Brown argued that defendants violated his Due Process rights by withholding exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Second, Brown argued that defendants participated in a larger conspiracy to frame him. Brown did not mention malicious prosecution, probable cause, unlawful detention, or the Fourth Amendment in either response.

On April 3, 2012, the district court issued an order finding that defendants Lucas, Cross, Metcalf, Mayer, Faith, and Ansari were entitled to qualified immunity and summary judgment in

their favor. The district court held that "because Brown was acquitted, his *Brady* claims fail against all Defendants because no constitutional violation occurred as the result of any alleged failure to disclose exculpatory information." Brown does not contest this ruling. Moreover, the court determined Brown "fail[ed] to inform the Court or the defendants as to the legal basis for his conspiracy to violate civil rights claim," and instead "spen[t] nearly all of his briefing discussing the facts pertaining to other Mansfield defendants." Finally, the district court observed that Brown's complaint "merely states that his constitutional rights were violated" and "does not specify in any detail what specific rights he is pursuing against which Defendants under [the Fourth, Fifth, Sixth, Eighth, and Fourteenth] amendments."

Brown moved for leave to file a motion to reconsider the court's grant of summary judgment, raising claims of malicious prosecution and unlawful detention, and contending that justice favors deciding Brown's Fourth Amendment claims on the merits. The district court denied this motion, holding that Brown did not meet his burden in refuting defendants' entitlement to qualified immunity, instead only asserting *Brady* violations and an alleged conspiracy to frame people. The court concluded that "the failure to make all of the arguments available to a party during the relevant briefing period, but not realizing this until after he/she has received an unfavorable ruling, does not constitute manifest injustice."

The district court properly granted summary judgment in favor of Lucas, Cross, Metcalf, Mayer, Faith, and Ansari. Summary judgment was appropriate in this case because Brown had, and failed to meet, the burden of proving that each official was not entitled to qualified immunity by

alleging facts sufficient to show that the official's act violated clearly established law at the time that it was committed.   To meet this burden, a plaintiff "must present evidence sufficient to create a genuine issue as to whether the defendant committed the acts that violated the law." *Simmonds v. Genesee Cnty.*, 682 F.3d 438, 444 (6th Cir.2012) (quoting *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994)).  "To make out a *genuine* issue of material fact, plaintiff must present significant probative evidence tending to support her version of the facts, *evidence* on which a reasonable jury could return a verdict for her." *Chappell v. City of Cleveland*, 585 F.3d 901, 913 (6th Cir.2009). There are two steps in the analysis for evaluating a claim of qualified immunity:  (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Brown's arguments opposing summary judgment lacked the specificity to meet this standard.  The majority of Brown's briefing related to *Brady* violations, which fail to overcome qualified immunity on account of Brown's acquittal.  The remaining argument, an allegation of conspiracy, asserted facts that involve defendants' investigation of individuals other than Brown or are of such generality that they do not meet the legally required test.  As the district court noted, Brown's responses to defedants' summary judgment motions were silent on the types of claims he now asserts, as Brown did not once mention malicious prosecution, probable cause, unlawful detention, or the Fourth Amendment.  Brown's most specific argument, aside from *Brady* claims, was that "Officers are liable for violating an accused constitutional rights if they intentionally developed false evidence,

tampered with evidence, assisted a witness in committing perjury, and/or misled prosecutors, in an effort to frame an accused for a crime that he did not commit." Brown however did not offer specific evidence to support these claims.

The factual assertions in Brown's complaint are not alone sufficient to refute qualified immunity on a motion for summary judgment. On summary judgment, once a defendant supports his motions with appropriate documents as described in Fed. R. Civ. P. 56(c), the adverse party cannot rest solely on the allegations in the pleadings. *Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir. 2002). Rather, Brown was required to set forth affidavits or other facts showing that there is a genuine issue of material fact. *See id.* He did not do so.

Because Brown failed to present adequate evidence and arguments to support his Fourth Amendment claims of malicious prosecution, unlawful detention, and fabrication of evidence prior to the district court's summary judgment decision, those claims were waived. "[A]n argument not raised before the district court is waived on appeal to this Court." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). Moreover, issues are waived "when they are raised for the first time in motions requesting reconsideration . . ." *Id.* at 553. Accordingly, because Brown did not articulate the Fourth Amendment claims he now is asserting until his motion seeking reconsideration of the court's summary judgment decision, these claims are waived.

An exception to the waiver rule is not appropriate in this case. "It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Deviations are permitted in "exceptional cases or particular circumstances,"

or when the rule would produce "a plain miscarriage of justice." *Scottsdale*, 513 F.3d at 552. Such

discretion is "rarely exercised," and requires a "compelling reason" to disregard the traditional

waiver rule. *Id.* Like his earlier briefs, Brown's factual allegations on appeal lack specificity;

instead, he describes facts that imply possible misconduct by only three of the six defendants, and

the facts relating to other defendants are not related to Brown's case. As the district court pointed

out, "the failure to make all of the arguments available to a party during the relevant briefing period,

but not realizing this until after he/she has received an unfavorable ruling, does not constitute

manifest injustice."

AFFIRMED.